**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA

VERSUS

RICHARD W JEFFCOATS

CRIMINAL ACTION NO. 05-50037-01

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Defendant Richard Wayne Jeffcoats's ("Jeffcoats") *pro se* letter seeking relief based on Johnson v. United States, 135 S.Ct. 2551 (2015). See Record Document 93. The United States has filed a response in opposition. See Record Document 99. The Court construes Jeffcoats's filing as a Motion attempting to seek relief under 28 U.S.C. § 2255.

In 2005, Jeffcoats pled guilty to conspiracy to possess with intent to distribute methamphetamine and to possession of a firearm during a drug trafficking offense. See Record Documents 39 & 40. At sentencing, the Court imposed a term of 151 months' imprisonment on the drug count and a consecutive 60-month sentence on the firearm count, for a total of 211 months. See Record Document 49. Jeffcoats did not appeal his conviction or sentence.

Jeffcoats' motion is untimely. A motion under § 2255 must be filed within one year of the date on which the judgment of conviction becomes final, unless a later triggering provision applies. See 28 U.S.C. § 2255(f). Because Jeffcoats did not file a direct appeal, his conviction became final in 2005. The present motion was not filed until 2016. Although Johnson may, in some cases, provide a later triggering date under § 2255(f)(3), that

provision applies only where the movant asserts a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Here, Jeffcoats is not entitled to relief under Johnson. The record reflects that Jeffcoats was not sentenced under the Armed Career Criminal Act or any residual clause invalidated by Johnson. Instead, he was sentenced under 18 U.S.C. § 924(c) for possession of a firearm during a drug trafficking offense. Because Johnson has no applicability to that provision, it does not render his motion timely. Because Johnson does not apply, Jeffcoats cannot invoke § 2255(f)(3), and his motion is untimely.

Accordingly,

**IT IS ORDERED** that Jeffcoats's Motion (Record Document 93) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of April, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT

2